**[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 1212.]**

DEROLPH *v.* THE STATE OF OHIO.

**[Cite as *DeRolph v. State*, 1998-Ohio-301.]**

(No. 95-2066—Submitted August 24, 1998—Decided September 1, 1998.)

ON INQUIRIES from the Perry County Court of Common Pleas, No. 22043.

————————————

{¶ 1} In the within cause, Judge Linton D. Lewis, Jr. has propounded to the court the following two matters:

"1.     This Court seeks clarification of the Supreme Court's order of March 24, 1997 [78 Ohio St.3d 193, 677 N.E.2d 733], as to whether the remand in the case at bar includes both the issues of equal protection and the thorough and efficient clause of the State Constitution.

"2.     This Court seeks further clarification as to the proper party to bear the burden of production, burden of proof and the related issues of the standard of proof and test to be applied."

{¶ 2} The court responds to the foregoing inquiries as follows:

1. The remand involves the Thorough and Efficient Clause of the Ohio Constitution and not the Equal Protection Clause.

2. The state has the burden of production and proof and must show by a preponderance of the evidence that the constitutional mandates have been satisfied.

{¶ 3} Wherefore, the court having fully responded, the trial court is instructed to proceed.

F.E. SWEENEY and PFEIFER, JJ., concur in Responses 1 and 2.

DOUGLAS and RESNICK, JJ., concur in part with Response 1 and concur in Response 2.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., concur in Response 1 and dissent to Response 2.

———————————

**DOUGLAS, J., concurring in part.**

{¶ 4} While I concur with the majority as to the Thorough and Efficient Clause consideration, I would also have the remand include the equal protection issue.

RESNICK, J., concurs in the foregoing concurring opinion.

———————————

**COOK, J., dissenting in part.**

{¶ 5} For the reasons discussed in my dissenting opinion of August 21, 1998 to *DeRolph v. State* (1998), 83 Ohio St.3d 1208, 699 N.E.2d 516, I respectfully dissent from today's decision to assign to the state the burden of proving that its new legislation is constitutional.

MOYER, C.J., and LUNDBERG STRATTON, J., concur in the foregoing opinion.

———————————